**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

<u>          Linda Rivera          </u>

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

<u>          Jeffrey Reichl          </u>

_____

<u>          Gary J. Saylor II          </u>

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

Jury Trial:  ☒ Yes    ☐ No

(check one)

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

| Plaintiff | Name | Linda Rivera |
|---|---|---|
| | Street Address | P.O. Box 1258 |
| | County, City | Monroe, East Stroudsburg |
| | State & Zip Code | PA 18301 |
| | Telephone Number | (570) 872-0697 |

*Rev. 10/2009*

B.    List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name _____ Jeffrey Reichl _____

Street Address __ 1262 Park Dr. _____

County, City __ Monroe, East Stroudsburg _____

State & Zip Code __ PA 18302 _____

Defendant No. 2

Name _____ Gary J. Saylor II _____

Street Address __ 711 Sarah St. _____

County, City _____ Monroe, Stroudsburg _____

State & Zip Code ____ PA 18360 _____

Defendant No. 3

Name _____

Street Address _____

County, City _____

State & Zip Code _____

Defendant No. 4

Name _____

Street Address _____

County, City _____

State & Zip Code _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

&#9673; Federal Questions              &#81; Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

Federal jurisdiction under 28 U.S.C. §§ 1331 and 1443. This case presents clear violations of the First, Fifth, Ninth, and Fourteenth Amendments, requiring immediate federal oversight to rectify the ongoing harm inflicted upon Plaintiff and her children.

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

## III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how <u>each</u> of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? __Please See Attachment__

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____ Please see attachment _____

_____

C.    Facts: _____ Please see attachment _____

| What happened to you? |

| Who did what? |

| Was anyone else involved? |

| Who else saw what happened? |

IV.     **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____ Please see attachment _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

V.      **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

_____ Please see attachment _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 17th day of __March__ , 20 25 .

Signature of Plaintiff _____

Mailing Address ___ P.O. Box 1258, _____

___ East Stroudsburg, PA 18301 ___

_____

Telephone Number ___ (570) 872-0697 _____

Fax Number *(if you have one)* _____

E-mail Address ___ linriv74@gmail.com _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

## III. Statement of Claim

A. The events giving rise to this complaint occurred in the state of Pennsylvania, primarily within the Monroe County Family Court and other related judicial proceedings. The violations also occurred within the Pennsylvania legal system, where state court judges, attorneys, and officials acted under color of law to deprive Plaintiff of her constitutional rights.

B. The violations giving rise to this complaint began on May 22, 2023, when the Pennsylvania family court issued an order temporarily suspending my custody rights without due process. Despite the temporary nature of the order, my parental rights have remained unlawfully restricted. The last time I was permitted to see my children was on February 15, 2024. Since that date, I have been completely deprived of any contact with my children, constituting an ongoing violation of my constitutional rights under the First, Fifth, Ninth, and Fourteenth Amendments.

C. **1. Unlawful Suspension of Custody Without Due Process**

- On May 22, 2023, the Pennsylvania family court temporarily suspended my custody rights without a proper evidentiary hearing.
- No evidence of unfitness was presented, and I was denied the opportunity to properly defend myself.
- This constitutes a violation of due process under the Fourteenth Amendment (*Santosky v. Kramer, 455 U.S. 745 (1982)*).

### 2. Complete Deprivation of Contact with My Children

- The last time I saw my children was on February 15, 2024.
- Since then, I have been denied all forms of contact with my children, including phone calls, video calls, and written communication.
- This constitutes parental alienation and an ongoing constitutional violation under the First, Fifth, and Fourteenth Amendments.

### 3. Collusion and Bias in the State Court

- Defendant Jeffrey Reichl, with the assistance of his attorney, Gary J. Saylor II, manipulated the legal system to unlawfully deprive me of my parental rights.
- The state court acted with bias by disregarding evidence and violating my constitutional rights.
- The court's failure to provide a fair hearing and enforce federal laws requires federal intervention.

### 4. Unlawful Government Involvement in My Case

- State court officials, judges, and attorneys acted under color of law to deprive me of my parental rights, making this a federal civil rights violation (*42 U.S.C. § 1983*).
- The state court has refused to enforce federal protections, necessitating federal oversight.

### 5. Irreparable Harm

- The continued separation from my children has caused severe emotional, psychological, and financial distress.
- I have suffered financial hardship and homelessness due to ongoing legal battles initiated by the Defendant.
- The unjustified delay in reunification violates federal due process protections (*Whisman v. Rinehart, 119 F.3d 1303 (8th Cir. 1997)*).

D. As a direct result of the wrongful deprivation of my parental rights, I have endured severe emotional distress, psychological trauma, and ongoing mental anguish. The forced and unlawful separation from my children has caused me overwhelming grief, anxiety, depression, and emotional devastation, which continues daily due to the complete lack of contact with them.

The psychological toll of losing my children without due process has caused sleep disturbances, PTSD-like symptoms, loss of appetite, and deep emotional suffering. I have experienced chronic stress, feelings of helplessness, and persistent heartache, knowing that my children have been unlawfully withheld from me.

Additionally, the prolonged legal battle has led to financial hardship, homelessness, and instability, further compounding my emotional suffering. The deprivation of my fundamental parental rights has left me in a state of despair and mental exhaustion, with irreparable harm to my well-being. The ongoing violation of my constitutional rights under the First, Fifth, Ninth, and Fourteenth Amendments has inflicted profound emotional and psychological injury, for which I seek legal redress.

E. **1. Restoration of Parental Rights & Immediate Reunification:**
I request that this Court **order the immediate restoration of my parental rights** and compel the return of my children to my custody. The unlawful and unconstitutional deprivation of my parental rights has caused severe and irreparable harm, necessitating emergency intervention.

**2. Declaratory and Injunctive Relief:**

I request that this Court declare the actions of the Pennsylvania family court unconstitutional and issue an injunction preventing further enforcement of any orders that violate my due process rights.

**3. Monetary Compensation for Damages:**

I seek **$3,000,000 in compensatory damages** for the emotional distress, psychological trauma, and financial hardship I have endured as a direct result of the wrongful deprivation of my parental rights.

This amount reflects the severe emotional suffering caused by being unlawfully separated from my children, including depression, anxiety, PTSD-like symptoms, and the loss of meaningful family relationships.

It also accounts for financial damages suffered due to legal battles, court fees, homelessness, and economic instability caused by my inability to properly work while fighting for my parental rights.

**4. Punitive Damages to Deter Future Violations:**

I seek **$5,000,000 in punitive damages** to punish the Defendants for their intentional, malicious, and unconstitutional actions and to deter similar misconduct in the future.

Defendant acted with malice, fraud, and gross misconduct in conspiring to unlawfully strip me of my parental rights.

The court system failed to uphold constitutional protections, necessitating federal intervention to prevent further injustices against parents in similar situations.

**5. Independent Federal Investigation:**

I request that this Court order a federal investigation into the Pennsylvania family court system, including the actions of Defendant's attorney, Gary J. Saylor II, and any state officials who acted under color of law to deprive me of my parental rights in violation of 42 U.S.C. § 1983.

Linda Rivera, Pro Se
P.O. Box 1258
East Stroudsburg, PA 18301
(570) 872-0697
linriv74@gmail.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Linda Rivera** | ) Case No.: |
| **Plaintiff,** | ) |
| | ) **COMPLAINT FOR VIOLATIONS OF** |
| **vs.** | ) **CIVIL RIGHTS AND FEDERAL LAW 28** |
| | ) **U.S.C. § 1331 and 1443** |
| **Jeffrey Reichl,** | ) §241. CONSPIRACY AGAINST RIGHTS |
| | ) §242. DEPRIVATION OF RIGHTS UNDER |
| **and** | ) COLOR OF LAW |
| | ) CONSPIRACY UNDER 42 U.S.C § 1983 |
| **Gary J. Saylor II,** | ) and 42 U.S.C § 1985 |
| **Defendants** | ) False Claims Act (FCA), 31 U.S.C. §§ 3729 - |
| | ) 3733 |

Plaintiff, Linda Rivera, Pro Se, seeking federal intervention to address egregious violations of her

constitutional rights and due process within the Pennsylvania family court system in Monroe

County. The state court's systemic failures, judicial bias, and misconduct have led to the wrongful

removal of Plaintiff's minor children, ER and ZR, without a lawful warrant or just cause. Defendant

Jeffrey Reichl, in collusion with his attorney Gary J. Saylor II, conspired to manipulate the legal

system to alienate Plaintiff from her children, depriving her of her parental rights in direct violation

of the United States Constitution. Attorney Gary J. Saylor II actively facilitated this unlawful

scheme, operating under color of law to interfere with Plaintiff's constitutional rights and engage in

a civil conspiracy under 42 U.S.C. § 1985.  These actions, which include false claims and fraudulent

manipulation of the legal process, also violate the False Claims Act, various federal constitutional

1  protections, and established children's rights under both U.S. law and applicable treaties. Plaintiff

2  asserts claims under the False Claims Act—invoking qui tam provisions—and declares violations of

3  Plaintiff's constitutional rights as well as the best interests of her minor children. In addition,

4  Plaintiff contends that Attorney Gary J. Saylor II has breached his oath to the Constitution and his
   professional duties by failing to represent the children's welfare.

5

6  Plaintiff contends that, based on common law principles and corroborated by DSM evidence,

7  Defendants' deliberate actions—manifesting as parental alienation analogous to Child and Mother
   Sabotage (CAMS)—have severed the natural bond between the children and their biological

8  mother, inflicted significant emotional and psychological harm, and violated the children's

9  constitutional right to a stable, nurturing relationship, thereby necessitating immediate federal

10 oversight and remedial action by the Court.

11 Despite exhausting all available remedies in state court, Plaintiff has been repeatedly denied justice

12 due to deeply rooted conflicts of interest and a blatant disregard for due process. The Pennsylvania

13 family court has demonstrated an inability or unwillingness to enforce Plaintiff's federally protected

14 rights, necessitating federal jurisdiction under 28 U.S.C. §§ 1331 and 1443. This case presents clear
   violations of the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments, requiring

15 immediate federal oversight to rectify the ongoing harm inflicted upon Plaintiff and her children.

16

17 The U.S. Supreme Court has long established that custody deprivations without procedural due
   process are unconstitutional under *Stanley v. Illinois, 405 U.S. 645 (1972)*, affirming that parents

18 have a fundamental right to raise their children free from unwarranted state interference.

19 Additionally, when private parties work in concert with state actors to deprive individuals of their

20 rights, they may be held accountable under *Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)*,

21 which clarifies when private parties act under color of law.

2

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

Defendant Gary J. Saylor, as a family law practitioner, is constitutionally and ethically obligated to represent the best interests of his clients' children as well and to safeguard their familial bonds—particularly the critical relationship with their biological mother, who has consistently served as their primary caregiver. His deliberate actions to sever these parental relationships not only breach his fiduciary duty and constitutional oath, but also raise concerns of discriminatory conduct that could, under certain circumstances, be interpreted as hate-motivated, thereby violating established case law such as *Troxel v. Granville*, 530 U.S. 57, and undermining the overall well-being of the children.

Plaintiff brings this action against Defendants for violations of her civil and constitutional rights, unlawful removal of her minor children under false allegations, deprivation of rights under color of law, and continued denial of her parental rights in direct violation of established federal law.

I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction), as Plaintiff asserts violations of the United States Constitution and federal statutes.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this complaint occurred in the Commonwealth of Pennsylvania.

3. Including claims under the FCA, False Claims Act (31 U.S.C. §§ 3729–3733) by the Defendants that have significantly harmed Plaintiff in her maternal role.

4. Defendants' collusive actions have deprived the children of their constitutional rights under the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments.

5. Plaintiff also asserts claims under 42 U.S.C. § 1983 for deprivation of rights under color of law, 42 U.S.C. § 1985 for conspiracy to interfere with civil rights, and 28 U.S.C. § 2241 for unlawful removal and detention of her minor children in violation of habeas corpus.

3

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

## II. PARTIES

6. **Plaintiff Linda Rivera** is a Christian woman who stands firm in common law and God's law and is a mother of three and a resident of Pennsylvania.

7. **Defendant Jeffrey Reichl** is a resident of Pennsylvania who has unlawfully taken custody of Plaintiff's minor children and engaged in actions violating Plaintiff's constitutional rights.

8. **Defendant Gary J. Saylor II** is an attorney who has actively facilitated, advised, and represented Defendant Jeffrey Reichl in legal proceedings that have led to the unconstitutional deprivation of Plaintiff's parental rights.

## III. STATEMENT OF FACTS

9. Plaintiff is the biological mother of ER (9 years old) and ZR (12 years old), who were both wrongfully removed from her custody without a lawful warrant, due process, or just cause.

10. Defendant Jeffrey Reichl, though not the biological father of all of the children, unlawfully obtained custody and has actively worked to alienate Plaintiff from her children with the assistance of Attorney Gary Saylor.

11. The Defendants collectively engaged in a conspiracy to obstruct justice, fabricate false claims, and manipulate the judicial process, all while acting under color of law in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

12. Between 2015 until present, Plaintiff endured years of marital abuse—including economic deprivation, emotional and physical mistreatment, sexual neglect, and misconduct—at the hands of Defendant Jeffrey Reichl. Even after separation, Defendant's actions continued with deliberate interference in custody exchanges, fabrication of false allegations, and coercive control over parental rights. Despite Plaintiff's repeated attempts to secure a fair, shared parenting arrangement that reflects her role as the primary caregiver, Defendant and

4

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

his counsel persistently manipulated state court proceedings to alienate Plaintiff from her children. These wrongful actions have resulted in significant emotional, psychological, and financial harm to Plaintiff and her children, as well as a pattern of abuse that violates established federal constitutional protections and international human rights standards.

13. Defendants have engaged in a systematic effort to alienate Plaintiff from her children, blocking all communication, interfering with her ability to have contact, and unlawfully depriving her of parental rights. This conduct directly contradicts the Supreme Court's holding in *Moore v. City of East Cleveland, 431 U.S. 494 (1977),* which recognizes that family integrity is a fundamental constitutional right.

14. Plaintiff's eldest son, Kai Rivera, is willing to testify regarding Defendant's abuse and molestation of all the boys, further proving that Defendant is unfit to have custody.

15. Defendant has engaged in defamation, slander, stalking, harassment, intimidation, and threats against Plaintiff both throughout their relationship and worsened after separation during the course of court proceedings, further demonstrating his malicious intent.

16. Defendant requested and obtained invasive, coercive, and retaliatory mental health evaluations against Plaintiff, including the MMPI test, which has been recognized by the Department of Justice (DOJ) and United Nations (UN) as unsuitable for victims of domestic abuse and intimate partner violence (IPV).

17. Defendant further sought to force Plaintiff into co-parenting counseling, supervised visitation, and reunification therapy, despite no findings of unfitness against Plaintiff.

18. The financial burden of the prolonged legal battle has caused Plaintiff severe economic hardship, leading to homelessness. The unjustified delay in parental reunification constitutes a violation of *Whisman v. Rinehart, 119 F.3d 1303 (8th Cir. 1997),* which held that prolonged separation of a parent and child violates due process.

5

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

19. The state court refused to hold a proper hearing, denied Plaintiff the opportunity to present evidence, and ignored statutory requirements, further demonstrating a violation of due process. The Supreme Court in *Santosky v. Kramer, 455 U.S. 745 (1982)* held that parental rights require strict due process protections before termination.

20. Defendant's actions and the court's complicity in violating Plaintiff's rights directly contradict Kayden's Law, the Keeping Children Safe from Family Violence Act, and the Violence Against Women Act (VAWA), which were enacted to prevent abusers from weaponizing the legal system to harm victims and children.

21. These actions have also violated Plaintiff's religious beliefs, as they are in direct contradiction to God's law, which upholds parental integrity and prohibits the unjust separation of a mother from her children.

22. The state court's continued refusal to uphold federal law and constitutional protections has resulted in Plaintiff's ongoing victimization and the continued unlawful deprivation of her rights, warranting federal jurisdiction under *Marbury v. Madison, 5 U.S. 137 (1803)*, which establishes that unconstitutional actions are void.

23. The wrongful removal of Plaintiff's minor children constitutes a violation of habeas corpus under 28 U.S.C. § 2241, as they were unlawfully taken and continue to be wrongfully detained from their rightful parent. This unlawful government interference in parental rights directly violates *Doe v. Heck, 327 F.3d 492 (7th Cir. 2003)*, which held that governmental interference in parental rights without due process violates the Constitution.

24. Defendant Attorney Saylor has breached his ethical obligations under ABA Model Rules 8.3 and 8.4. This misconduct not only violates his oath but also further deprives Plaintiff of her constitutional rights and exacerbates the harm inflicted upon her children.

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

<u>TIMELINE SUMMARY IN SUPPORT OF STATEMENT OF FACTS</u>

25. June 3, 2021: Defendants have engaged in fraudulent practices since the initial custody complaint began as Plaintiff and Defendant Jeffrey Reichl resided together as husband and wife, by fabricating evidence and misrepresenting facts—falsely alleging that Plaintiff has mental health issues and refusing treatment, without evidence, and wrongly claiming that Defendant Jeffrey was the primary caregiver despite Plaintiff serving as the stay-at-home mother. These actions, which include perjury and document falsification, have compromised the integrity of these proceedings. (See Exhibit A)

26. June 2021: Plaintiff filed for a Protection From Abuse (PFA) Order after Defendant withheld essential marital and children's documents, further escalating coercion tactics.

27. August 2, 2021: Custody conference was held where Defendant and his attorney falsely accused Plaintiff of mental illness (Munchausen Syndrome) in an effort to discredit her and eliminate her parental rights.

28. August 2022: Defendants asserted parental alienation and falsely alleged that Plaintiff suffers from mental illness while advocating for supervised visitations to significantly reduce her custodial time, even though Defendant Jeffrey Reichl was frequently present at Plaintiff's home—joining for dinner and assisting with minor repairs.

29. August 9, 2022: Defendant retaliated against Plaintiff for seeking child support, stating he would "make her pay" for legally pursuing her rights.

30. September 2022: Plaintiff's child, ZR, began expressing distress, questioning paternity, and feeling unsafe in Defendant's care. Additionally, Both children were deeply distressed by the repeated disparagement of their mother by the defendant and his mother, Marge Reichl, who consistently falsely asserted that she was dangerous and should be prohibited from seeing them. Consequently, the children became increasingly unwilling to remain in

7

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

the defendant's care, despite the Plaintiff's sincere efforts to promote amicable co-parenting, as she was unjustly targeted and held responsible for the defendant's misconduct. Defendant Gary sent an email to Barry Cohen asserting the aforementioned false claims as a means to disrupt the relationship between the child and the mother. (See Exhibit B)

31. October 27, 2022: Defendant refused to release the children during a custody exchange, requiring police intervention. This incident appears to have occurred shortly after Plaintiff informed her then-counsel, Barry Cohen, via email that she was not seeking a monetary settlement in her divorce but instead desired to remain the primary caregiver and share custody. Plaintiff's disinterest in financial gain prompted Mr. Cohen retaliated by sending an email to the Defendants to alter the custody order without her knowledge or consent, despite her explicit instructions not to do so, especially with an upcoming conciliation meeting. In doing so, Mr. Cohen violated his ethical obligations by disregarding Plaintiff's clear directives and betraying her trust, and both he and Defendant Gary J. Saylor II failed to adhere to their oath and ABA Model Rules of Professional Conduct, Rules 8.3 and 8.4, regarding dishonesty and fraud, and reporting misconduct and misrepresentation. thereafter, Plaintiff acquired new legal representation, Cassandra Colombo, who told Plaintiff the above situation can be undone.

32. November 17, 2022: Conciliator Hilary Madden further reduced Plaintiff's custody to only 6 days per month, disregarding Plaintiff's role as the primary caregiver.

33. January 2023: Plaintiff's child, ZR, threatened suicide rather than return to Defendant's custody.

34. February 2023: Plaintiff was awarded sole physical custody of ZR.

35. March 2023: Plaintiff consistently reached out to Defendant regarding the children seeking resolutions and healing to move forward in the best interests of the children.

8

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

36. **April 6, 2023**: After a custody exchange, ZR fled from Defendant, disclosing sexual abuse at Petsmart to a Police Officer, requiring further law enforcement intervention. (See Exhibit C)

37. **May 2023**: Judge Jennifer Harlacher Sibum believed hearsay and issued a gag order, prohibiting Plaintiff from discussing the case, violating First Amendment rights and temporarily canceled Plaintiffs custody without due process. Plaintiff informed Cassandra that she disagreed with the outcome, arguing that it unfairly portrayed her as unstable because her children wished to maintain normalcy with their mother and that it was a violation of her God-given and civil rights, and demanded that the case be taken to a higher court. Cassandra "strongly" advised Plaintiff to comply with the temporary 90-day order, explaining that an appeal could be both time-consuming and financially burdensome. (See Exhibit D)

38. **June 2023**: Plaintiff was mandated to begin supervised visits with ER, which infringed on her parental rights, due to the apparent collusion among court actors who favored the defendants, despite ZR's accusations of sexual abuse by the defendant Jeffrey Reichl and his subsequent placement in a children's psychiatric hospital to keep him away from Plaintiff. Furthermore, Cassandra Colombo, insisted Plaintiff comply with these mandates despite the financial hardship imposed and the violation of her and her children's God-given and constitutional rights.

39. **June - September 2023**: The supervised visits conducted through Justice Works demonstrated that the Plaintiff is safe and provided a nurturing environment, as evidenced by written reports from monitor Anna Rivera-Williams, who consistently documented ER's complaints regarding his father's abusive behavior, the Defendant Jeffrey Reichl, including remarks concerning his grandmother, (Marge Reichl).

9

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

40. September 2023: Plaintiffs counsel, Cassandra Colombo withdrew from the case due to Plaintiff's inability to keep up with the legal feets as she was also in the arrears on rent.

41. October 2023: Defendant Gary Saylor, the Guardian ad Litem, Jane Roach, and Dr. Laura Melber, the psychologist for minor child ER, each submitted letters to the court asserting that the Plaintiff "suffers from mental health issues" based on the hearsay and claims from the Defendants. Jane Roach met with Defendant Jeffrey Reichl in person but never met or interviewed the Plaintiff. She has close ties to the law firm where Defendant Gary Saylor now serves as a partner, having previously been a partner at the firm formerly known as Cramer, Swetz, McManus & Jordan, now renamed Cramer, Swetz, McManus, Jordan & Saylor, PC. Additionally, Jane Roach was court-appointed by Judge Sibum, in part was a contributor towards the Judges campaign. (See Exhibit E)

42. December 2023: Plaintiff was forced to relinquish the secure, nurturing home she provided for her children due to overwhelming legal fees that left her in arrears and unable to maintain timely payments.

43. January 2024: The court assigned co-parent counselor, Brenda Hoff consistently conducted in ex parte communications, excluding Plaintiff as a Pro Se Litigant of the written reports to the Defendants, Judge, GAL and conciliator. (See Exhibit F)

44. March 2024: Plaintiff filed her petition to modify custody for the third time since November 2023, despite repeated denials, in an effort to secure custody through an evidentiary hearing that ultimately never took place. This petition is lengthy with numerous exhibits.

45. March 20, 2024: Defendant Gary Saylor asserted in his answer to the Plaintiff, that she is suffering from mental health issues which contain "delusions of grandeur", requesting that the court "terminate her custody rights" following intensive psychiatric care. (See Exhibit G)

10

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

46. June 3, 2024: At the pre-hearing, Plaintiff asserted that she had never abused her children and noted that she had not seen them for four months. In response, Judge Sibum, angrily stated that Plaintiff had no right to information about her children. Plaintiff further maintained that she had consistently requested family therapy, to which the Judge responded that her concerns reflected an unnecessary focus on medical care in this case.

47. July 5, 2024: Plaintiff's eldest son Kai publicly disclosed abuse by Defendant Jeffrey Reichl on a podcast. (See Exhibit H)

48. July 10, 2024: Contempt hearing where Defendant and his attorney successfully persuaded judge Sibum to further restrict Plaintiff's access to her children, disregarding evidence of abuse and due process violations as she deemed Plaintiff to be in contempt of court for not being able to afford legal fees and mandates, disregarding the financial hardship and loss of home as she criminalized poverty. Moreover, judge Sibum dismissed the psychiatric evaluation she ordered a year prior—expressing disagreement with the assessments of the qualified psychiatrist she permitted the Defendants to choose to conduct a comprehensive mental health evaluation of the Plaintiff, opting to rely on her preferred court-appointed custody evaluator, Dr. Ronald Esteve, despite the evaluator's lack of psychiatric credentials. Judge Sibum then proceeded to diagnose the Plaintiff from the bench, engaging in unqualified medical practices and making unfounded mental health allegations in violation of Rule 702, which also raises concerns under the False Claims Act for the fraudulent basis on which these claims were advanced. Furthermore, judge Sibum has allowed the Defendant to maintain custody of the children and coercive control over the Plaintiff as it is one of the main reasons she seeks an at-fault divorce.

49. July 2024 - January 2025: Following the contempt hearing, Plaintiff's elderly parents retained new counsel on July 22,2024, with the Lento Law Group on her behalf due to concerns that Judge Sibum might unlawfully incarcerate her for actions she did not

11

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

commit, given that Defendants have been framing her from the outset of the custody case. However, the new counsel, Kyle Anthony Adams and Joseph Lento proved to be markedly ineffective, accomplishing nothing substantive over the subsequent six months and further damaging Plaintiff's case and her children's interests.

50. March 2025: Plaintiff discovers errors in her case mishandled by the Lento Law Group and has submitted to the court of Common Pleas in Monroe County, A Notice to Stay the Proceedings Based on Error of Law; Opposition to the Appointment of a Divorce Master due to an At-Fault Divorce on Grounds of Indignities; and Notice of Removal to Federal Court. As of today, the Plaintiff and the minor children, ER and ZR have no contact for over 400 days.

## IV. LEGAL CLAIMS

### COUNT I - VIOLATION OF DUE PROCESS (U.S. CONST. AMEND. XIV)

51. Defendants, acting under color of law, deprived Plaintiff of her fundamental right to the custody and care of her children without due process of law.

52. The Fourteenth Amendment guarantees that no state shall deprive any person of life, liberty, or property without due process of law.

53. Defendants' actions constitute an unlawful deprivation of Plaintiff's parental rights, warranting federal relief.

### COUNT II - VIOLATION OF PARENTAL AND CHILDRENS RIGHTS (TROXEL V. GRANVILLE, 530  U.S. 57 (2000))

54. The Supreme Court has recognized that parents have a fundamental liberty interest in the care, custody, and control of their children.

55. The children's rights to a stable, nurturing environment and to be raised by their natural parents are enshrined in the Constitution and supported by international norms, making it

12

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

unequivocally not in their best interests to be deprived of their mother through such coercive, manipulative conduct.

56. Through wrongful custody orders, custodial interference, and defamatory tactics—are direct infringements under the First, Fourth, Fifth, Sixth,  Ninth, and Fourteenth Amendments of the constitution and common law parental rights.

## COUNT III - VIOLATION OF HABEAS CORPUS (28 U.S.C. § 2241)

57. Defendants unlawfully removed Plaintiff's minor children and continue to withhold them from her, constituting illegal detention under federal habeas corpus law.

58. There was no lawful warrant, just cause, or due process afforded to Plaintiff before the wrongful removal of her children.

59. The unlawful retention of Plaintiff's children necessitates federal intervention and immediate habeas relief.

## COUNT IV - DEPRIVATION OF RIGHTS UNDER COLOR OF LAW (42 U.S.C. § 1983)

60. Defendants, including Attorney Gary J. Saylor II, engaged in misconduct under color of law, resulting in the deprivation of Plaintiff's constitutional rights.

61. The wrongful actions of Defendants constitute a pattern of judicial corruption, malicious intent, and civil rights violations requiring federal oversight.

## COUNT V - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

62. Defendants conspired to obstruct justice, suppress evidence, manipulate court proceedings, and unlawfully deprive Plaintiff of her fundamental parental rights. Attorney Saylor knowingly participated in this conspiracy by filing fraudulent legal motions, obstructing Plaintiff's due process rights, and working in tandem with judicial officers to further this deprivation.

13

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

63. Defendants engaged in a collusive scheme to fabricate false allegations of mental illness and manipulate custody proceedings, thereby unlawfully depriving Plaintiff of her parental rights and inflicting significant harm on her and her minor children. Such conduct, involving deliberate misrepresentation and fraudulent manipulation of the legal process, constitutes violations of the *False Claims Act (31 U.S.C. §§ 3729–3733)* invoking qui tam provisions.

64. All parties in the case have collectively asserted that Plaintiff suffers from a purported mental health disorder—an unfounded claim aimed at separating her from her children. This appears to be driven by a desire to not favor the children's preference for their primary caregiver, despite Plaintiff's consistent advocacy for family therapy to foster a mature, cooperative environment that serves the best interests of the family when relationships fail. However, seven independent psychiatrists have evaluated Plaintiff and determined that she does not require such care, thereby supporting claims of ongoing false allegations and indicating unauthorized practice of medicine in violation of Rule 702.

65. Defendant Gary J. Saylor II acted under color of law by conspiring with state officials, including Judge Sibum, to deprive Plaintiff of her constitutional rights. Under *Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)*, a private party acts under color of law when conspiring with state officials to deprive constitutional rights.

66. Plaintiff's efforts to present evidence, obtain fair hearings, and protect her parental rights were obstructed by state officials acting in concert with Defendant's attorney. The court's failure to enforce procedural safeguards constitutes a systemic abuse of judicial power requiring federal intervention.

## IV. REQUESTED RELIEF

14

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

1.  **Issue an order** staying all state court proceedings related to the wrongful removal of Plaintiff's minor children.

2.  **Grant a writ of habeas corpus** under 28 U.S.C. § 2241, compelling the immediate return of Plaintiff's children.

3.  **Declare** that Defendants' actions violated Plaintiff's constitutional rights under the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments.

4.  **Grant** an at-fault divorce pursuant to the constitutional violation claims arising from post-separation abuse and the deliberate delay of divorce proceedings and declare the marital covenant void under federal jurisdiction, and grant protective and equitable relief

5.  **Award compensatory damages** in the amount of $3,000,000 for financial, emotional, and psychological harm caused by Defendants' wrongful conduct.

6.  **Award punitive damages** in the amount of $5,000,000 to deter future constitutional violations and unlawful deprivations of children and parental rights.

7.  **Grant an emergency injunction** restoring Plaintiff's parental rights immediately.

8.  **Order an independent federal investigation** into the Pennsylvania family court system.

Executed on March 17, 2025.

Respectfully submitted,

By: _____

Linda Rivera, Pro Se

**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rivera, Linda

## DEFENDANTS
Reichl, Jeffrey
Saylor, Gary J., II

**(b)** County of Residence of First Listed Plaintiff **Monroe**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Monroe**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331 — Federal Question Jurisdiction; 42 U.S.C. § 1983 — Civil Rights Violations
Brief description of cause:
violations of constitutional rights under the First, Fifth, Ninth, and Fourteenth Amendments.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 8,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____