IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA RIVERA, | : Civil No. 3:25-CV-537 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| JEFFREY REICHL, et al., | : |
| Defendants. | : |

## MEMORANDUM AND ORDER

Pending before the court is a request to appoint counsel for the *pro se* plaintiff, Linda Rivera. (Doc. 10). While we understand the plaintiff's interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." The decision to appoint counsel under §1915(e)(1) is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

The Third Circuit Court of Appeals has set forth six factors to guide our consideration of the plaintiff's request for counsel:

(1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457. Additionally, the Court of Appeals has recognized several practical considerations which we must consider, such as the number of *pro se* prisoner actions filed in federal court; the lack of funding for court-appointed counsel; and the limited number of lawyers willing to undertake representation without compensation. *Tabron*, 6 F.3d at 157. "[V]olunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately." *Tabron*, 6 F.3d at 157.

Here, our analysis of these factors leads us to conclude that counsel should not be appointed at this time. At the outset, this case is in its infancy, as the plaintiff was just recently issued a summons to serve the complaint after paying the filing fee. (*See* Docs. 13, 14). Further, the facts of this case, which challenge state court custody proceedings, appear to be well known to the plaintiff. It further appears that this case will require minimal investigation, and it is unlikely that such a case will

require expert witnesses or testimony.

Considering the relevant factors, we will DENY this request to appoint counsel (Doc. 10), at this time without prejudice to re-examining this issue at the request of the plaintiff, or *sua sponte*, as this litigation progresses.

Finally, we note that while the plaintiff initially applied to proceed *in forma pauperis* in this litigation (Doc. 9), the docket indicates that as of April 1, 2025, the filing fee was paid and a summons for service was issued to the plaintiff. (Docs. 13, 14). Accordingly, we will DENY the plaintiff's motion to proceed *in forma pauperis* (Doc. 9). as moot.

SO ORDERED, this 2nd day of April 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge