IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA RIVERA, | : Civil No. 3:25-CV-537 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| JEFFREY REICHL, et al., | : |
| Defendants. | : |

MEMORANDUM AND ORDER

I. Introduction

This is a civil action filed by the *pro se* plaintiff, Linda Rivera. (Doc. 1). Rivera's claims arise out of state court custody proceedings in Monroe County, Pennsylvania. (*Id.*). In her complaint, Rivera asserts that her due process rights are being violated in these custody proceedings, that she is unlawfully being deprived of contact with her children, and that the defendants are conspiring with the state court to deprive her of her rights. (*Id.*). As relief, Rivera requests that this court order her children returned to her custody, declare the actions of the state court unlawful, undertake an investigation into the Pennsylvania family court system, and award her roughly eight million dollars in compensatory and punitive damages. (*Id.*).

Rivera has now filed an emergency motion for a temporary restraining order ("TRO"), asking this court to enjoin the Monroe County Court of Common Pleas from continuing divorce proceedings that she claims are interfering with her parental rights. (Doc. 38 ¶ 6). In this motion, Rivera accuses the defendants of conspiring with the state court to further deprive her of her rights, alleging judicial bias, ethical violations, and "RICO-like behavior," and asserting that she has filed a private criminal complaint against the defendants and the state court judge. (*Id.* ¶¶ 9-10). She further claims that she may face retaliation by the defendants and state court actors because she filed this federal lawsuit. (*Id.* ¶ 8).

After consideration, we will deny Rivera's request for emergency injunctive relief, as we find the relief she seeks is barred by the Anti-Injunction Act.

## II. Discussion

The plaintiff's motion for TRO seeks, in essence, a ruling from this court enjoining and halting the state court divorce proceedings that the plaintiff claims are interfering with the ongoing state custody

proceedings. The Anti-Injunction Act, 28 U.S.C. § 2283, "generally prohibits the federal courts from interfering with proceedings in the state courts[.]" *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145 (1988). In fact, the Act lists only three exceptions to this general prohibition: "... as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Third Circuit has cautioned that "[t]he exceptions in the Anti-Injunction Act are to be construed narrowly. . . [and] '[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *In re Diet Drugs*, 282 F.3d 220, 233 (3d Cir. 2002) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)).

Here, Rivera's motion requests that we directly intervene in and enjoin the state court from continuing these state court proceedings. (Doc. 38). But this "is precisely the sort of direct injunctive relief against a state proceeding that the Anti-Injunction Act prohibits." *McLean v. Sumitra*, 2024 WL 838148, at *2 (D.N.J. Feb. 28, 2024). And, none of

3

the three exceptions to the Act are met. First, no statute authorizes us to intervene in these state proceedings. Second, intervening in these state court proceedings would not aid the jurisdiction of this court. Third, and finally, this court has not issued any order that would be affected or threatened by these state court proceedings. *See McClean*, 2024 WL 838148, at *2. Accordingly, none of the narrow exceptions to the Act apply.

Simply put, Rivera is requesting relief that we cannot grant. Accordingly, her motion for TRO will be denied.

### III. Order

Accordingly, for the foregoing reasons, the plaintiff's motion for emergency declaratory relief (Doc. 38) is DENIED.

So ordered this 19th day of May 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge